Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003979
30-JUN-2015
08:46 AM

NO. CAAP-13-0003979

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JESSE R. PAVLICK, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(CASE NO. 1DTA-12-04768)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Jesse R. Pavlick (Pavlick) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment), entered on September 11, 2013, in the District Court of the First Circuit, Kāne'ohe Division (District Court).[1] After a bench trial, the District Court found Pavlick guilty of one count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2014).[2]

---

[1] The Honorable Lono Lee presided.

[2] HRS § 291E-61(a)(1) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Pavlick argues[3] that the District Court erred in convicting him based on insufficient evidence because "[r]easonable suspicion and probable cause is not proof beyond a reasonable doubt[.]"

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pavlick's points of error as follows.

Officer Sherman Dowkin (Office Dowkin) testified that he saw Pavlick's vehicle straddling the solid white line separating the shoulder and right lane, and weaving within the lane. While the officer drove after Pavlick, Pavlick continued to weave in and out of the lane. The officer "pace clock[ed]" Pavlick going 70 to 72 miles per hour (MPH) down Pali Highway, where the speed limit was 35 MPH, and the same speed on Kalanianaole Highway, where the speed limit went from 45 MPH to 35 MPH to 25 MPH. At one point, Pavlick had his right turn signal on, even though there was no place to turn right and no lane to his right, and he was going 70 MPH.

When Officer Dowkin stopped Pavlick, Pavlick's eyes were red, watery, bloodshot, and glassy, and there was a very strong odor of an alcohol-type of beverage on his breath. Pavlick testified that he had had two to three drinks before leaving Honolulu. Pavlick told Officers Dowkin and Aaron Ostachuk (Officer Ostachuk) he was going to Honolulu when he was stopped, even though he had been heading in the direction of Kailua. Pavlick first said he lived in Honolulu, then said he lived in Kailua.

Officer Ostachuk testified that Pavlick exhibited every clue of impairment on the walk-and-turn test, and failed the one-

---

[3]     Pavilck's opening brief violates Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) in many respects, including a failure to include a table of authorities and a Statement of Related Cases. HRAP Rule 28(b)(1), and (11). Most importantly, Pavlick's "Points of Error" section is gravely deficient in that it provides no record citations for the preservation of his claimed error or the District Court's challenged ruling. However, because this court prefers to address the merits of a case where possible, we will rule on Pavlick's challenge to the extent it is discernable. See Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d. 553, 558 (1995). Counsel is warned that future failures to comply with court rules may result in sanctions.

legged stand test. Based on Pavlick's performance on the standardized field sobriety tests, Officer Ostachuk believed Pavlick was under the influence of an intoxicant.

There was sufficient evidence that Pavlick operated or assumed actual physical control of a vehicle on a public highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty, in violation of HRS § 291E-61(a)(1). See HRS § 291E-61(a)(1); State v. Gaston, 108 Hawai'i 308, 311, 119 P.3d 616, 619 (App. 2005). See also, e.g., State v. Ferm, 94 Hawai'i 17, 27, 7 P.3d 193, 203 (App. 2000); and State v. Mitchell, 94 Hawai'i 388, 399-400, 15 P.3d 314, 325-26 (App. 2000).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on September 11, 2013, in the District Court of the First Circuit, Kāne'ohe Division, is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2015.

On the briefs:

James B. Lewis,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3